PHILLIPS ELECTRONICS NORTH AMERICA CORPORATION, Plaintiff,

v.

UNIVERSAL ELECTRONICS INC., Defendant.

Civ. A. No. 94–392–RRM.

United States District Court, D. Delaware.

April 25, 1995.

---

Bruce M. Stargatt, Josy W. Ingersoll, James P. Hughes, Jr., Young, Conaway, Stargatt & Taylor, Wilmington, DE, Albert E. Fey, Kenneth B. Herman, Jesse J. Jenner, Lewis V. Popovski, Fish & Neave, New York City, for plaintiff.

Jeffrey B. Bove, Patricia S. Rogowski, Connolly, Bove, Lodge & Hutz, Wilmington, DE, Robert E. Browne, Thomas C. McDonough, Jeannine M. Pisoni, Mark R. Galis, Vedder, Price Kaufman & Kammholz, Chicago, IL, for defendant.

### *ORDER DENYING DEFENDANT'S MOTION TO COMPEL*

McKELVIE, District Judge.

Defendant has moved for an order compelling plaintiff to produce for inspection and copying documents plaintiff contends are protected from disclosure by the attorney-client privilege or as work product. Counsel have submitted letter memoranda identifying the documents in issue and arguing as to whether or not the documents are protected from disclosure in discovery. For the following reasons, the court will deny defendant's motion.

■ First, plaintiff has declined to produce attorneys' notes and draft licensing agreements on the ground that they are protected from disclosure by the attorney-client privilege. As these documents are not a confidential communication from a client to an attorney, they do not appear to fall within the traditional definition of the privilege as identified by Judge Wyzanski in *United States v. United Shoe Mach. Corp.*, 89 F.Supp. 357 (D.Mass.1950). However, other courts have found the privilege includes communications from a lawyer to a client that contain legal advice or opinions. *United States v. Amerada Hess Corp.*, 619 F.2d 980, 986 (3d Cir.1980); *In re LTV Securities Litigation*, 89 F.R.D. 595, 602 (N.D.Tex.1981). These courts find that certain documents prepared by a lawyer should be protected from disclosure to prevent the disclosure of confidential communications from the client and to insure the confidentiality of the advice counsel gave the client. In fact, the Su-

preme Court has stated that the purpose of the attorney-client privilege "is to encourage full and frank communication between attorneys and their clients and thereby promote broader public interests in the observance of law and administration of justice. The privilege recognizes that sound legal advice or advocacy depends upon the lawyer's being fully informed by the client." *Upjohn Co. v. United States*, 449 U.S. 383, 389, 101 S.Ct. 677, 682, 66 L.Ed.2d 584 (1981).

Under this definition, it would appear from the papers plaintiff has submitted that the notes and draft licensing agreements should fall within the protection of the privilege. For example, it appears the draft licensing agreements incorporate facts the client disclosed to counsel in confidence, such as the terms of a proposed royalty rate. They also appear to have been prepared by counsel for the purpose of facilitating a communication of advice to the client on the structure and terms for a proposed agreement. However, in its papers plaintiff has not identified for the court exactly what information these documents and notes prepared by counsel contain that would bring them within the privilege.

Within 10 days from the date of this Order, plaintiff should serve and file a supplemental paper that identifies the following information for the draft licensing agreements and notes withheld from disclosure in discovery: 1) the nature of the confidential communication, if any, from the client that would be disclosed upon production of the document; 2) the nature of the advice, if any, that would be disclosed upon production of the document; and 3) a restatement by plaintiff as to why, in light of these facts, the document falls within the privilege.

In addition, while these documents may be protected from disclosure in discovery because they contain or facilitated confidential communications or advice that is privileged, that protection may not be applicable to facts incorporated in the documents. Thus, while the draft licensing agreements may be privileged, the facts as to a proposed rate discussed with a potential licensee or the identity of companies that entered into licensing negotiations with plaintiff may not be privi-

leged. *See Upjohn*, 449 U.S. at 395–96, 101 S.Ct. at 685–86. Consequently, in preparing this supplemental paper, counsel should review plaintiff's other responses to defendant's discovery requests such as interrogatories, to confirm that, where this information has been sought, plaintiff has disclosed facts that may otherwise be discoverable.

 A second category of documents sought by defendant relates to patent infringement investigations, tests or analyses performed by plaintiff's employees for its in-house counsel. These documents would not be protected from disclosure as work product if they were prepared in the normal course of plaintiff's business. However, in light of the nature of the documents and the factual situation at the time of preparation, it appears they can fairly be said to have been prepared or obtained because of the prospect of litigation. Consequently, the documents are protected from disclosure under Federal Rule of Civil Procedure 26(b)(3) as materials prepared by a party in anticipation of litigation. *United States v. Rockwell Intern.*, 897 F.2d 1255, 1266 (3d Cir.1990). The analyses in the documents also appear to be protected from disclosure under this Rule and as attorney work product under the doctrine as described by the Supreme Court in *Hickman v. Taylor*, 329 U.S. 495, 67 S.Ct. 385, 91 L.Ed. 451 (1947). However, as is the case with documents and communications protected by the attorney-client privilege, plaintiff may not rely on Rule 26(b)(3) or claims of work product as a basis for refusing to respond to discovery requests seeking the disclosure of non-privileged facts.

Finally, defendant has moved for an order compelling plaintiff to produce other documents withheld as privileged. The court has reviewed the information and arguments submitted by counsel and finds the documents sought fall within the protection of the privilege.

For these reasons,

IT IS HEREBY ORDERED that defendant's motion to compel is denied.